UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniel Lenway, Dalia Cruz Ayala, Juan Cruz Gastelum, and Jason Novak, individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Hormel Foods Corporation,<br><br>        Defendant. | Case No. 0:25-cv-3320<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT** |

Defendant Hormel Foods Corporation ("Defendant" or "Hormel") by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this Notice of Removal of the above-titled action to this Court from Mower County District Court, Third Judicial District, Minnesota on the grounds of federal-question jurisdiction. Hormel reserves all defenses and rights and, for the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Hormel assumes as true Plaintiffs' allegations, but denies the allegations and any liability in this case. The removal of this action terminates all proceedings in the Third Judicial District Court, Mower County, Minnesota. *See* 28 U.S.C. § 1446(d). Hormel's removal of this action is proper for the reasons set forth below.

**PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS**

1. On July 30, 2025, Plaintiffs filed the instant Complaint in the action styled *Daniel Lenway, Dalia Cruz Ayala, Juan Cruz Gastelum, and Jason Novak, Individually and on Behalf of Those Similarly Situated vs. Hormel Foods Corp.* and assigned case

number 50-CV-25-1464 (the "State Court Action") in the Third Judicial District Court, Mower County, Minnesota.

2. On July 30, 2025, Plaintiffs served Hormel with the Summons and Complaint. (*See* Attachment 3.)

3. According to the Complaint, Hormel and United Food and Commercial Workers Local 663 (the "Union") entered into a collective-bargaining agreement (the "CBA") that became effective on September 11, 2023, which provided for vacation time and set forth specific rules for taking vacation time. (Attachment 1, ¶¶ 22–23, 25–26 [hereinafter Compl.].) Minnesota enacted a state law providing for earned sick and safe time ("ESST") that went into effect on January 1, 2024, which Plaintiffs allege imposed duties on Hormel to provide ESST to employees in accordance with the statutes' requirements. (*Id.* ¶ 31; *see also id.* ¶¶ 32–34.) According to Plaintiffs, Hormel required them to use the vacation time provided by the CBA "so that Defendant could avoid the cost of providing additional paid leave benefits," as Hormel "was aware that the CBA's vacation benefit terms did not meet the minimum standards and requirements of the ESST statute." (*Id.* ¶¶ 36–37.)

4. A grievance was filed based on Hormel's use of vacation time provided by the CBA to cover ESST, and an arbitrator concluded that Hormel had violated the CBA. (*See id.* ¶¶ 46, 49.) Hormel then "effective March 1, 2025 . . . began to provide Bargaining Unit employees with one hour of ESST benefits for every thirty hours worked, up to 48 hours total for the year, as required by the ESST statutes." (*Id.* ¶ 52.) According to Plaintiffs, however, Hormel nonetheless "failed and refused to provide . . . ESST benefit

accruals to which they are entitled for their work between January 1, 2024, and March 1, 2025." (*Id.* ¶ 53.) Thus, according to the Complaint, Plaintiffs, and the class of similarly situated bargaining-unit employees, were denied accrued ESST leave and the "statutory right to carry over their accrued, unused ESST benefits." (*See generally id.* ¶¶ 53–63, 96.) Plaintiffs seek class certification, declaratory judgment, and damages to compensate for ESST benefits Defendant allegedly failed to provide or allow bargaining-unit members to use or carry over, as well as liquidated damages, attorneys' fees, and costs. (*Id.* ¶¶ 115–119.)

5. There have been no court appearances or proceedings to date in the State Court Action.

**FEDERAL-QUESTION JURISDICTION IS PRESENT**

6. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wis. Dep't of Cor v. Schacht*, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that a case be within the original jurisdiction of the district court for removal.").

7. Specifically, Plaintiffs' claim under Minnesota's ESST statutes, Minn. Stat. §§ 181.9445–98, presents a federal question because it is completely preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*

8. Section 301 of the LMRA confers federal jurisdiction over suits alleging violations of contracts between an employer and a labor organization representing employees. *See* 29 U.S.C. § 185(a). The United States Supreme Court has long held that the LMRA lawsuits requiring the interpretation of collective-bargaining agreements are preempted under Section 301 of the LMRA. *See Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 859 (1987). Specifically, such claims are subject to the complete-preemption doctrine, which "prohibits a plaintiff from defeating removal by failing to plead necessary federal questions in a complaint and allows a defense of federal preemption as a basis for removal." *Deford v. Soo Line RR. Co.*, 867 F.2d 1080, 1084 (8th Cir. 1989). Thus, "even though the suit was brought in a state court" and "rel[ied] on state law," claims that are completely preempted by the LMRA are deemed "arising under the laws of the United States within the meaning of the removal statute." *Id.* (citing 28 U.S.C. § 1441(b)).

9. A claim is subject to complete preemption under the LMRA if it "is inextricably intertwined with consideration of the terms of [a] labor contract," *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985), or, in other words, if the claim "'require[s] the interpretation of some specific provision of' a collective-bargaining agreement," *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) (alteration in original) (quoting *Meyer v. Schnucks Mkts., Inc.*, 163 F.3d 1048, 1051 (8th Cir. 1998)).

10. Plaintiffs' claim here necessarily requires interpretation of the terms and provisions of the CBA. Indeed, Plaintiffs allege in the Complaint that the vacation time provided by the terms of the CBA "did not meet the minimum standards and requirements of the ESST statute" and that Defendant required bargaining-unit employees to use such allegedly noncompliant vacation time as ESST to "avoid the cost of providing additional paid leave benefits." (Compl. ¶¶ 36–37.) The statute, however, allows employers to provide ESST "under a paid time off policy or other paid leave policy that may be used for the same purposes and under the same conditions as earned sick and safe time" if the policy "meets or exceeds, or does not otherwise conflict with, the minimum standards and requirements" for ESST. Minn. Stat. § 181.9448, subd. 1(e). Thus, the Court will necessarily be required to interpret the vacation policies in the CBA to reach a determination as to liability on Plaintiff's claim that bargaining-unit employees "were unlawfully deprived of their statutory right to accrue, use, and/or carry over paid ESST benefits." (Compl. ¶ 110.) Accordingly, Plaintiffs' claim is completely preempted by federal labor law under Section 301 of the LMRA, 29 U.S.C. § 185(a). *See Lueck*, 47 U.S. at 211.

11. Thus, Plaintiff's lawsuit under Minnesota's ESST statutes, Minn. Stat. §§ 181.9445–98, is properly removed to this Court as arising under the laws of the United States and presents a federal question pursuant to 28 U.S.C. § 1331.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

12. Removal to this Court is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Third Judicial District Court, Mower County, Minnesota, and

this United States District Court for the District of Minnesota is the United States District Court for the district and division in which the State Court Action is pending.

13.  In order to be timely, a Notice of Removal must be filed within thirty days of service. *See* 28. U.S.C. § 1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal"); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353–56 (1999) (stating that thirty-day removal period begins when defendant is formally served). On July 30, 2025, Plaintiffs served Hormel with the Summons and Complaint. (*See* Attachment 3.) This Notice of Removal is accordingly timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty days after Defendant's receipt of a copy of Plaintiff's initial pleading setting forth the claims or relief upon which this action is based.

14.  A copy of the Summons and Complaint filed in the State Court Action on July 30, 2025, is attached hereto as **Attachment 1**.

15.  A copy of the Civil Cover Sheet, filed in the State Court Action on July 30, 2025, is attached hereto as **Attachment 2**.

16.  A copy of the Affidavit of Service, filed in the State Court Action on August 1, 2025, is attached hereto as **Attachment 3**.

17.  A copy of the Notice of Case Filing and Assignment, filed in the State Court Action on August 1, 2025, is attached hereto as **Attachment 4**.

18.  After filing this Notice of Removal, Hormel will promptly serve written notice of this Notice of Removal on counsel for Plaintiffs and file the same with the Clerk of the Third Judicial District Court, Mower County, Minnesota, in accordance with 28

DMS_US.372818522.1

U.S.C. § 1446(d). A copy of this Notice of Filing of Notice of Removal is attached hereto as **Attachment 5**.

19. Defendant is not aware of any other "processes, pleadings, and orders" in the State Court Action. *See* 28 U.S.C. § 1446(a).

20. The Civil Cover Sheet for this action is attached hereto as **Attachment 6**.

21. All known counsel for Plaintiffs are listed in the Certificate of Service filed herewith.

22. Hormel has paid the requisite court fees required with the filing of the instant Notice of Removal.

23. Hormel has accordingly complied with all procedural requirements for removal.

24. This Notice of Removal is hereby signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

## NON-WAIVER OF DEFENSES

25. By removing the State Court Action from the Third Judicial District Court, Mower County, Minnesota, Hormel does not waive any defenses available to it.

26. By removing the State Court Action from the Third Judicial District Court, Mower County, Minnesota, Hormel does not admit any of the allegations in Plaintiffs' Complaint.

## CONCLUSION

27. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies

that Hormel's factual allegations have evidentiary support and that its legal contentions are warranted by existing law.  The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

28. Accordingly, Hormel respectfully removes the above-captioned State Court Action from the Third Judicial District Court, Mower County, Minnesota to proceed in the United States District Court for the District of Minnesota.

**FAEGRE DRINKER BIDDLE & REATH LLP**

Dated: August 20, 2025

/s/ *Samantha M. Rollins Murphy*
Samantha M. Rollins Murphy #0400609
Avery Brooks Bennett #0504041
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN  55402
T: (612) 766-7000
F: (612) 766-1600
Samantha.murphy@Faegredrinker.com
Avery.bennett@Faegredrinker.com

*Attorneys for Defendant Hormel Foods Corporation*