UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL LENWAY, DALIA CRUZ AYALA, JUAN CRUZ GASTELUM, and JASON NOVAK, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORMEL FOODS CORPORATION,<br><br>Defendant. | Case No. 25-CV-3320 (PJS/JFD)<br><br>ORDER |

Timothy J. Louris, Emily Lacy Marshall, and Jacob C. Harksen, LOURIS MARSHALL O'BRIEN, P.A., for plaintiffs.

Samantha Rollins Murphy and Avery Bennett, FAEGRE DRINKER BIDDLE & REATH LLP, for defendant.

This matter is before the Court on defendant's motion to dismiss [ECF No. 8] and plaintiffs' motion to remand [ECF No. 14]. For the reasons explained on the record at the January 14, 2026 hearing and summarized below, plaintiffs' motion is granted and defendant's motion is denied without prejudice as moot.

I.  BACKGROUND

Plaintiffs are current or former unionized employees of Hormel's pork-processing facility in Austin, Minnesota. Compl. ¶ 13–17. On January 1, 2024, a new Minnesota law took effect requiring employers such as Hormel to provide employees

with paid time off for "earned sick and safe time" ("ESST"). *Id.* ¶¶ 1–2; Minn. Stat. §§ 181.9445–.9448. Hormel purported to comply with the ESST law by informing its employees that they could use their paid vacation time for ESST purposes. Compl. ¶¶ 36, 38–45. In other words, Hormel told its employees that they could take paid time off for ESST purposes, but they would forfeit an hour of paid vacation time for every hour of paid ESST time that they took.

Plaintiffs' union cried foul, alleging that Hormel's new plan violated both the CBA's guarantee of paid vacation time and the ESST law's guarantee of paid sick leave. *Id.* ¶ 46. In February 2025, an arbitrator agreed with plaintiffs that Hormel's plan violated the CBA. *Id.* ¶¶ 47–52. Specifically, the arbitrator ruled that, under the CBA, Hormel could not require "employees to use their contractual paid vacation benefits when exercising their statutory right to paid sick and safe time leave." *Id.* ¶ 49. The arbitrator made clear that he was deciding only "whether the Company has violated the CBA," and that "[t]he question of . . . compliance [with the ESST law] is not before me." *Id.* ¶ 48.

Plaintiffs then sued Hormel in state court, alleging that Hormel violated the ESST law and that Hormel's employees should be awarded ESST-mandated leave and monetary damages. Compl. ¶¶ 4, 53–63, 116–20. Hormel removed the action to federal court, *see* ECF No. 1, and now moves to dismiss for failure to state a claim under Fed. R.

Civ. P. 12(b)(6), *see* ECF No. 8.  Plaintiffs move to remand, *see* ECF No. 14, arguing that this Court lacks federal subject-matter jurisdiction.  Hormel opposes plaintiffs' motion to remand on the grounds that plaintiffs' state-law claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and therefore this Court has subject-matter jurisdiction.

II.  ANALYSIS

A case cannot be removed to federal court unless a basis for federal jurisdiction (such as diversity of citizenship or the existence of a federal question) appears on the face of the complaint.  *Baker v. Martin Marietta Materials*, 745 F.3d 919, 923 (8th Cir. 2014); *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).  "When a federal court lacks subject-matter jurisdiction over a removed case, it must remand it to state court."  *Dalton v. JJSC Props.*, LLC, 967 F.3d 909, 914 (8th Cir. 2020) (citation modified).

Hormel argues that federal subject-matter jurisdiction exists because the state-law claims are completely preempted by Section 301 of the LMRA.[1]  More often than not, preemption and jurisdiction are separate issues, but that is not true with respect to "complete" preemption.  Under the doctrine of complete preemption, federal law "does not merely 'preempt' but goes further to 'absorb' state law on the subject."  *Johnson v.*

---

[1] It is undisputed that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

*MFA Petroleum Co.*, 701 F.3d 243, 250 (8th Cir. 2012).  The notion behind complete preemption is that, in a few areas of law, federal law "wholly displaces" any state regulation so that any claim "within the scope" of that area, "even if pleaded in terms of state law, is in reality based on federal law."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9 (2003).  "A conclusion that there is complete preemption effectively maintains that the plaintiff has simply brought a mislabeled federal claim, which may be asserted under some federal statute."  *MFA Petroleum Co.*, 701 F.3d at 247 (quotation omitted).  In those areas where complete preemption applies, there is essentially "no such thing as a state-law claim," *Beneficial Nat'l Bank*, 539 U.S. at 11, and any purported state-law claim is treated as "necessarily federal" for purposes of jurisdiction.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

"Although complete preemption is rare, it exists under § 301 of the LMRA." *Johnson v. Humphreys*, 949 F.3d 413, 415–16 (8th Cir. 2020) (citations omitted); *see also Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968) (establishing doctrine of complete preemption in context of LMRA § 301).  Section 301 governs "[s]uits for violation of contracts between an employer and a labor organization," 29 U.S.C. § 185—in other words, suits for breaches of CBAs.  *See, e.g., Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018); *Williams v. Nat'l Football League*, 582 F.3d 863, 873 (8th Cir. 2009).  But the "pre-emptive effect" of Section 301 extends "beyond suits alleging [CBA] violations,"

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985), to any state-law claim that "depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 406 (1988). In that way, the doctrine of complete preemption ensures that only federal law fashioned by federal courts "governs the interpretation and application of collective-bargaining agreements." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 368 (1990).

In the Eighth Circuit, "[t]he LMRA completely preempts . . . claims founded directly on rights created by collective-bargaining agreements and claims substantially dependent on analysis of a collective-bargaining agreement." *Humphreys*, 949 F.3d at 416 (quoting *Boldt*, 904 F.3d at 590). "A claim is substantially dependent on the CBA if it requires the interpretation of some specific provision of a CBA." *Id.* "Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Allis-Chalmers*, 471 U.S. at 212. "An otherwise independent claim will not be preempted if the CBA need only be consulted during its adjudication." *Trs. of Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 330 (8th Cir. 2006) (citation omitted).

"The proper starting point for determining whether interpretation of a CBA is required in order to resolve a particular state law claim is an examination of the claim

itself." *Id.* at 331 (citation omitted). In this case, the employees do not seek to enforce the CBA or any right created by the CBA (the arbitrator has already done that). And thus, the Court must remand this case unless the employees' claim that Hormel violated the ESST law is "substantially dependent on" the CBA—i.e., unless the claim requires "the interpretation of," and not merely reference to or consultation of, "some specific provision of" the CBA. *Humphreys*, 949 F.3d at 416.

The central question in this case is straightforward: Does an employer violate Minnesota's ESST law when it requires employees to forfeit one hour of paid vacation time for every hour of paid ESST time? The parties do not dispute that employees were entitled to vacation time under the CBA, nor do they dispute that, under Hormel's ESST policy, employees who wanted to take ESST time were required to use vacation time. The Court has not found—and Hormel has not identified—a "specific provision" of the CBA that would have to interpreted by the Court in order to determine the legality of Hormel's policy. Indeed, if the Court found that the employees' ESST claim was completely preempted and sent that claim to arbitration, *see Allis-Chalmers*, 471 U.S. at 219, the arbitrator would have nothing to do, as his authority would be limited to interpreting the CBA, and the employees' ESST claim does not turn on the meaning of the CBA; it turns on the meaning of the ESST law, which the arbitrator would not have authority to interpret. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 54 (1974)

("Arbitral procedures, while well suited to the resolution of contractual disputes, make arbitration a comparatively inappropriate forum for the final resolution of rights created by [statute].").

Should the employees prevail in this lawsuit, a court may need to consult the CBA in fashioning a remedy—specifically, to determine how much paid vacation time each employee was entitled to receive. But that is no different than consulting a CBA to determine how much in wages a successful plaintiff would have received but for, say, an unlawful firing or demotion. It does not result in complete preemption under the LMRA. *See, e.g., Superior Waterproofing, Inc.*, 450 F.3d at 330 ("An otherwise independent claim will not be preempted if the CBA need only be consulted during its adjudication." (citation omitted)); *Livadas v. Bradshaw*, 512 U.S. 107, 124 ("[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." (citation omitted)).

For these reasons, the Court finds that this case is not completely preempted under the LMRA and thus the Court lacks subject-matter jurisdiction. Accordingly, the Court remands the case to state court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion to remand [ECF No. 14] is GRANTED.

2. Defendant's motion to dismiss [ECF No. 8] is DENIED WITHOUT PREJUDICE as moot.

3. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Minnesota District Court, Third Judicial District.

Dated: February 4, 2026                     /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court